IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUTFEE ABDUL-WAALEE,

        Plaintiff,

    vs.

UNITED STATES OF AMERICA,
MERRICK GARLAND, STEPHEN R.
KAUFMAN,

        Defendants.

2:21-CV-00638-CCW

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* ECF No. 19.  For the reasons that follow, Defendants' Motion will be GRANTED.

## I.    Background

Plaintiff Lutfee Abdul-Waalee, who is proceeding pro se, filed a "Complaint for a Civil Case Alleging Breach of Contract," against the United States, Attorney General Merrick Garland, and Acting United States Attorney Stephen Kaufman.  ECF No. 1 at 1-3.  Plaintiff alleges that Defendants violated the Fourteenth Amendment to the United States Constitution by "not afford[ing] [him] the privilege of first class citizenship simply because of the color of [his] skin." *See* ECF No. 1 at 4.  Plaintiff contends that "being born as a black human being in America through the process of systemic racism," he was "deprived of life, liberty, and the pursuit of happiness as stated in the Declaration of Independence," and seeks "25 million dollars punitive damages [sic] to be determined later."  *Id.*

Defendants move to dismiss the action in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* ECF No. 20.

## II.    Legal Standards

When a Rule 12(b)(1) motion is brought with a Rule 12(b)(6) motion, the Rule 12(b)(1) motion must be considered first, to determine whether the court has jurisdiction before ruling on the merits.  *Anand v. Indep. Blue Cross*, No. 20-6246, 2021 U.S. Dist. LEXIS 138414 at \*13-14 (E.D. Pa. July 23, 2021);  *see also, Naughton v. Harmelech,* Civil Action No. 09-5450 (PGS), 2010 U.S. Dist. LEXIS 99597 at \*6-7 (D.N.J. Sep. 22, 2010) ("Prior to addressing the sufficiency of Plaintiff's allegations pursuant to Rule 12(b)(6), the Court must first consider Defendants' jurisdictional argument.");  *Silverberg v. City of Phila.*, No. 19-2691, 2020 U.S. Dist. LEXIS 4736 at \*22 (E.D. Pa. Jan. 8, 2020).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).  In reviewing a Rule 12(b)(1) facial challenge, such as the present Motion, a district court must use the "same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party of Pa. v. Aichele*, 757 F.3d at 358.  Therefore, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id*.  Although a pro se Plaintiff's submissions must be construed liberally, Plaintiff "still bears the burden of demonstrating subject matter jurisdiction."  *Walthour*

*v. City of Phila.*, 852 F. App'x 637, 638 (3d Cir. 2021) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008). A pro se plaintiff's complaint must be held to less stringent standards than formal pleadings drafted by lawyer. While a court must liberally construe a pro se plaintiff's pleadings, they "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Baker v. Younkin*, 529 Fed.Appx. 114, 115 (3d Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

## III.    Discussion

Plaintiff styles his Complaint as a claim for "Breach of Contract," asserting that the "contract" in question is the Fourteenth Amendment to the United States Constitution. ECF No. 1 at 4; *see also* ECF No. 22 at 2, 6 (reciting the elements of a contract). Plaintiff argues that "[t]his is not your typical *Bivens* [t]ype [c]laim," because one "must first be considered a full human being in the eyesight of the law to be civilly violated." ECF No. 22 at 4. However, the United States Constitution cannot be construed as a private contract. Because the thrust of Plaintiff's Complaint is an alleged violation of the federal Constitution by Defendants, and because Plaintiff seeks money damages, the Court has liberally construed Plaintiff's Complaint as asserting a *Bivens* action.

Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because the United States has not waived sovereign immunity for *Bivens* actions against the United States or against the individual Defendants in their official capacities. *See* ECF No. 20

3

at 1, 4-6.  Further, the Defendants contend that Plaintiff's Complaint must be dismissed for failure
to state a claim because Plaintiff has not alleged sufficient personal involvement by the individual
Defendants and because a *Bivens* action cannot be maintained under the Fourteenth Amendment.
*Id*. at 6-7.  The Court will address each argument in turn.

> ### A.   Plaintiff's Claims Against the United States and Against the Individual Defendants in their Official Capacities Must Be Dismissed for Lack of Subject Matter Jurisdiction
>
> > #### 1.   The United States Has Not Waived Sovereign Immunity for a *Bivens* Action Against the United States

"It is well-settled that the United States has sovereign immunity except where it consents
to be sued."  *Brobst v. United States*, 659 F. App'x 135, 136 (3d Cir. 2016) (citing *United States
v. Mitchell*, 463 U.S. 206, 212 (1983)).  A *Bivens* action is a judicially created remedy that allows
individuals to seek damages for unconstitutional conduct by a federal agent for the violation of
plaintiff's rights under color of federal law.  *See Bivens v. Six Unknown Named Agents of Federal
Bureau of Narcotics*, 403 U.S. 388 (1971);  *Carlson v. Green*, 446 U.S. 14, 18 (1980);  *see also,
Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).  However, a *Bivens* action is not
available against the United States or one of its agencies, and Courts routinely dismiss *Bivens*-type
actions against federal entities as opposed to individuals, for lack of subject-matter jurisdiction.
*Burman v. Loretto F.C.I.*, Civil Action No. 3:19-cv-123-SLH-KAP, 2020 U.S. Dist. LEXIS 58336

at *8 (W.D. Pa. Apr. 1, 2020) (Pesto, M.J.);  *Thomas v. Fed. Bureau of Prisons*, Civil Action No.

15-209, 2017 U.S. Dist. LEXIS 137925 at *12 (W.D. Pa. Aug. 28, 2017) (Baxter, J.)

Here, the Court lacks subject matter jurisdiction over Plaintiff's Complaint as against the

United States, and it will dismiss the United States as a Defendant.

**2.      The Court Does Not Have Subject Matter Jurisdiction over the Individual Defendants in their Official Capacities**

The remaining two Defendants Plaintiff names in this case are United States Attorney

General Merrick Garland and Acting United States Attorney for the Western District of

Pennsylvania Stephen R. Kaufman.  ECF No. 1 at 2.  Plaintiff does not specify whether he is

naming the individual Defendants in their official or individual capacities, or both.  The only

mention of these Defendants is in the case caption of the Complaint and the standard form section

that identifies the Defendants—the body of the Complaint does not allege any unlawful conduct

by either individual Defendant.  Given Plaintiff's pro se status, we will construe the Complaint as

attempting to assert both an official-capacity and an individual-capacity claim.

We first turn to the official capacity claim.  When a plaintiff brings an action against federal

officials in their official capacities, such action is "deemed to have been brought against the United

States and [is] barred by sovereign immunity," unless the United States has waived such immunity.

*Tyler v. Allegheny Cnty.*, Civil Action No. 20-969, 2021 U.S. Dist. LEXIS 60518 at *13 n.3 (W.D.

Pa. Mar. 30, 2021) (Dodge, M.J.);  *Anson v. United States*, Civil Action No. 3:19-cv-00013, 2020

U.S. Dist. LEXIS 63433 at *6 (W.D. Pa. Apr. 6, 2020) (Lenihan, M.J.);  *see also*, *Lee v. Janosko*,

No. 2:18-cv-01297, 2019 U.S. Dist. LEXIS 94692 at *7 (W.D. Pa. June 6, 2019) (Eddy, C.M.J.).

Here, Plaintiff has not alleged that the United States has waived sovereign immunity for

constitutional claims against federal officials in their official capacities or identified any applicable

5

waiver, nor is the Court aware of one.  Therefore, Plaintiff's claims against Attorney General

Garland and Acting United States Attorney Kaufman in their official capacities must be dismissed.

> **B.     Plaintiff's Claims Against the Individual Defendants in their Individual Capacities Must be Dismissed for Failure to State a Claim Upon Which Relief Could Be Granted**
>
>> **1.     Plaintiff Fails to Allege Sufficient Personal Involvement by the Individual Defendants**

To the extent that Plaintiff's Complaint asserts a *Bivens* claim against the individual

Defendants in their personal capacities, his Complaint is still subject to dismissal because he has

not alleged sufficient personal involvement by each individual Defendant in the alleged violation

of his constitutional rights.

"Because vicarious liability is inapplicable to *Bivens*…, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bistrian v. Levi*, 696 F.3d 352, 366

(3d Cir. 2012).  Thus, to state a *Bivens* claim, a plaintiff must demonstrate, with appropriate

particularity, that the government-official defendant had "personal involvement in the alleged

wrongs" either through allegations of personal direction or of actual knowledge and acquiescence.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Here, Plaintiff has not made any allegations that either Attorney General Garland or Acting

United States Attorney Kaufman were personally involved in any violation of his rights.  Indeed,

Plaintiff's response in opposition to Defendants' motion acknowledges that "[the named

Defendants] are not responsible for the actions of your father," which are the actions by which

"Black people the descendants of slaves were and are deprived of full constitutional rights that

were guaranteed by the 14th Amendment."  ECF No. 22 at 3.  Further, Plaintiff has not alleged that

the individual Defendants had actual knowledge of, and acquiesced to, a subordinate's violation

of Plaintiff's constitutional rights.  Accordingly, Plaintiff's Complaint also must be dismissed with respect to his claims against the individual Defendants in their individual capacities.

### 2. Plaintiff Fails to State a Plausible Claim for Relief Under the Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution provides, among other protections, that "no State" shall "deprive any person of life, liberty, or property without due process of law," or "deny to any person within [the State's] jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV § 1.  However, "[t]he Fourteenth Amendment only applies to actions of the states and not to the federal government."  *Brown v. Philip Morris, Inc.*, 250 F.3d 789 (3d Cir. 2001); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Spence v. Balchon*, Civil Action No. 2:16-cv-00357-LPL, 2019 U.S. Dist. LEXIS 63455 at *9-10 (W.D. Pa. Apr. 11, 2019) (Lenihan, M.J.) ("It is well-settled that the Fourteenth Amendment of the United States does not apply to federal actors.").

Although Plaintiff's briefing questions this well-settled principle, *see* ECF No. 22 at 3 ("To say that the [F]ourteenth [A]mendment is a [s]tate [l]aw, and the [F]ifth [A]mendment is a federal law is simply preposterous especially when you consider the fact that the [F]ourteenth [A]mendment was enacted especially for black people the former slaves of these United States of America who were not even considered third-class citizens when the [F]ifth [A]mendment was enacted."), Plaintiff fails to cite, nor is the Court aware of, any case law or other authority indicating that the Fourteenth Amendment allows individual capacity claims against federal defendants in their individual capacity.  *See also, Spence*, 2019 U.S. Dist. LEXIS 63455 at *9-10 (finding that a Plaintiff has no claims against the individual agent defendants under the Fourteenth Amendment of the United States Constitution).

As such, the Court will dismiss Plaintiff's individual capacity claims against Attorney General Merrick Garland and Acting United States Attorney Stephen Kaufman.

### C.  The Court Finds that Amendment Would Be Futile

Where pro se plaintiffs raise violations of civil rights, the court should grant them leave to amend unless doing so would be inequitable or futile.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 483 F.3d 247, 251 (3d Cir. 2007).  Here, leave to amend would be futile.  With respect to the Plaintiff's claims against the United States and the individual Defendants in their official capacities, because the Court does not have subject matter jurisdiction over the Defendants due to sovereign immunity, leave to amend any such claims would be futile.  With respect to Plaintiff's claims against Attorney General Merrick Garland and Acting United States Attorney Stephen Kaufman in their individual capacities for violations of the Fourteenth Amendment, the Court finds that any amendment would be futile because the Fourteenth Amendment does not apply to actions by federal agents.

### IV.    Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.  Because this Court does not have subject matter jurisdiction over the United States as Defendant and Attorney General Garland and Acting United States Attorney Kaufman in their official capacities, the Court dismisses those claims without prejudice. Because the Court finds that any amendment of Plaintiff's Fourteenth Amendment claims against Attorney General Garland and Acting United States Attorney Stephen Kaufman in their individual capacities would be futile, such claims are dismissed with prejudice.

DATED this 7th day of October, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc:

Lutfee Abdul-Waalee
520 Rebecca Ave.
Apartment E
Pittsburgh, PA 15211

All Counsel of Record (via ECF email notification)